**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**


*In re* **A.Y.**

**No. 22-0499** (Mercer County 19-JAT-427)


**MEMORANDUM DECISION**


Petitioner Mother T.P.[1] appeals the Circuit Court of Mercer County's June 1, 2022, order terminating her custodial and guardianship rights to A.Y.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April of 2019, the DHHR filed a petition alleging that petitioner neglected A.Y.'s educational needs, noting that the child missed twenty-seven days of school during that academic year and was tardy ten times.[3] Further, the petition noted a report made one-month prior regarding methamphetamine being produced at the home as well as a petition filed in December of 2015, which contained allegations regarding deplorable living conditions and methamphetamine manufacturing on the premises.[4]

Petitioner failed to attend the adjudicatory hearing in July of 2019, although she was represented by counsel. During the hearing, the DHHR introduced testimony regarding A.Y.'s excessive absences. Ultimately, the court took the adjudication under advisement and continued the adjudication ruling multiple times over the next two years to accommodate multidisciplinary team meetings, to monitor A.Y.'s school attendance, and to assess petitioner's participation in services. Eventually, an emergency hearing was held in March of 2021, during which the DHHR indicated that petitioner continued in her educational neglect, lack of cooperation, and refusal to

---

[1]Petitioner appears by counsel John E. Williams, Jr. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Patrick Morrisey and Katherine A. Campbell. Thomas M. Janutolo Jr. appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]A.Y. was not removed from petitioner's care at this time.

[4]Petitioner fully cooperated during those court proceedings. The child was returned home, and that case was closed.

drug screen. The truancy officer testified that, thus far into the 2020-2021 academic year, A.Y. missed nineteen days, was tardy twice, and was failing several of her classes. Ultimately, the court found there existed imminent danger to A.Y.'s educational well-being and removed the child from petitioner's care.

Petitioner again failed to attend the adjudicatory hearing scheduled for May of 2021, although she was represented by counsel. Petitioner eventually stipulated to educational neglect in September of 2021. The court accepted petitioner's stipulation, adjudicated her of neglecting the child, and granted her a post-adjudicatory improvement period, the terms of which required petitioner to provide appropriate supervision, discipline, and oversight to A.Y.; to maintain safe and appropriate housing; to cooperate with services; and to submit to random drug screens. By January of 2022, however, petitioner's lack of cooperation with her case plan prompted the DHHR to request the case be set for disposition. Similarly, the guardian filed a report in March of 2022, noting petitioner's non-compliance and recommending the court terminate petitioner's custodial and guardianship rights but allow for post-termination visitation due to the age of the child and her bond with petitioner. Ultimately, the DHHR filed a motion to terminate petitioner's parental, custodial, and guardianship rights in May of 2022 based on petitioner's continued issues with substance abuse and lack of cooperation with the requirements of her case plan.

At the dispositional hearing in May of 2022, the DHHR introduced testimony demonstrative of petitioner's failure to cooperate with services, maintain contact with providers, participate in the multidisciplinary team meetings, and consistently submit to drug screens. Further, the evidence established that petitioner tested positive for marijuana, methamphetamines, and/or amphetamines on all nine screens she submitted to in 2022. The caseworker also testified that, despite services being in place since April of 2019, petitioner showed no indication that she would cooperate and improve, stressing petitioner's inability to provide stability for A.Y. In support, the witness noted not only the child's poor attendance and academic performance while in petitioner's care, but also the child's substantial academic achievements made following removal. The DHHR did, however, modify its request for termination to include only petitioner's custodial and guardianship rights due to A.Y.'s bond with petitioner.

Petitioner also testified at the dispositional hearing but refused to acknowledge her role in the child's neglect and, instead, blamed the DHHR and the child's school, among others, for her conduct. Although petitioner moved for a post-dispositional improvement period, the court found that there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future and that reunification was not in A.Y.'s best interests due to petitioner's history of instability, her inability to provide for the child's educational needs, her current drug addiction, and ongoing concerns for the child's safety. Based on these findings, the court concluded that there was no alternative but to terminate petitioner's custodial and guardianship rights.[5] Respecting the then-eleven-year-old child's strong emotional bond with her mother, the court did not terminate petitioner's parental rights, allowing for post-termination visitation. It is from this order that petitioner now appeals.

---

[5]All parents' custodial and guardianship rights have been terminated. The permanency plan is permanent guardianship in the current placement.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in terminating her post-adjudicatory improvement period,[6] asserting that she had not been granted adequate time to achieve success. We find no error as petitioner ignores the fact that she had the entirety of the case—approximately three years—to correct the deficiencies that led to the filing of the petition and to demonstrate compliance with services, yet she failed to do so.

Under West Virginia Code § 49-4-610(7), a circuit court may terminate an improvement period "when the court finds that [the parent] has failed to fully participate in the terms of the improvement period." Here, the evidence established that petitioner failed to cooperate with her case plan, maintain contact with providers, attend mandatory multidisciplinary team meetings, or comply with regular drug screening. This evidence alone would provide sufficient grounds upon which to affirm the court's termination of petitioner's improvement period, but it is also important to note that West Virginia Code § 49-4-610(9) restricts a circuit court from granting an improvement period that would result in a child being in foster care "more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits." Here, A.Y. had been in foster care for fourteen months at the time of disposition. Given petitioner's clear lack of cooperation at the close of the case, additional time simply was not warranted. Accordingly, we find no error in the circuit court's termination of petitioner's post-adjudicatory improvement period.

For the same reasons noted above, petitioner also argues that the circuit court erred in terminating her custodial and guardianship rights. We disagree, as the same facts and evidence that support the circuit court's termination of petitioner's improvement period also support termination. While it may be true that petitioner initially demonstrated compliance with some aspects of her improvement period—specifically, parenting education—the fact remains that she ceased cooperating with her case plan and contacting her providers. Petitioner also missed many drug screens and consistently failed the screens to which she did submit. Further, petitioner's attempt to shift blame for such behavior to the DHHR and the child's school is strong evidence of her inability to correct her behavior in the near future, and it is clear that the evidence overwhelmingly supported the circuit court's findings regarding termination of petitioner's custodial and guardianship rights. Because the circuit court made the requisite findings based upon ample evidence to support termination of petitioner's custodial and guardianship rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate custodial and guardianship rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting

---

[6]Although none of the parties cite to any specific ruling regarding termination of petitioner's post-adjudicatory improvement period—and such is not readily ascertainable from the record—we will address this issue because, by proceeding to disposition and terminating petitioner's custodial and guardianship rights, the circuit court implicitly terminated petitioner's improvement period.

termination of custodial and guardianship rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 1, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: March 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice John A. Hutchison

Hutchison, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.

4